STATE EX REL. SANCHEZ, Petitioner, v. ISRAEL, Superintendent, Wisconsin State Prison, Waupun, Wisconsin, and others, Respondents.

Court of Appeals

*No. 79–1471–W. Submitted on briefs October 22, 1979.— Decided November 27, 1979.*
(Also reported in 286 N.W.2d 642.)

---

For the petitioner the cause was submitted on the briefs of *Jose A. Sanchez,* pro se, of Waupun.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Dorothy H. Dey,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and Bablitch, J.

PER CURIAM. The petition for a writ of habeas corpus contends that prison officials unlawfully revoked eighteen days of petitioner's good time in violation of his constitutional rights. The petitioner is an inmate at Waupun serving a five-year sentence for burglary. He was sentenced in Milwaukee County on August 26, 1976 and was given credit for forty-one days of presentence jail time. His original projected mandatory release (MR) date was October 8, 1979.

On April 17, 1979 his projected MR date was recalculated to be October 19, 1979 because the petitioner was in an unassigned and nonworking status from March 9, 1979 through March 27, 1979, and thus did not earn extra or industrial good time pursuant to sec. 53.12, Stats., during that time period. The petitioner does not contest this recalculation.

On September 6, 1979 his projected MR date was recalculated to be November 6, 1979.[1] This change was necessitated by the petitioner's change of status effective July 3, 1979. At that time he went on an unassigned or nonworking status because he was placed in an adjustment status as a result of a major conduct report charging him with disrespect and threats in violation of the prison rules. The petitioner informs the court that he was given a due process disciplinary hearing at that time and the punishment consisted of five days in adjustment segregation, to be followed by detention in program segregation, and loss of the use of electronic equipment. Petitioner's projected MR date was recalculated effective July 3, 1979 because on that date he no longer was working or pursuing a course of study and therefore was not eligible to earn industrial good time pursuant to sec. 53.12, Stats. Because the prior projected MR date included all the industrial good time that the petitioner could have earned, eighteen days were added to the October 19 date. The November 6 date gives credit for all the statutory good time the petitioner could earn pursuant to sec. 53.11 until his release on November 6.

[1] Although prison officials refer to a MR date as an "actual" date if it does not include extra good time that could be earned pursuant to sec. 53.12, Stats., this court will refer to that type of MR date as a "projected" date because it assumes that the inmate will earn statutory good time pursuant to sec. 53.11. We note that the "M. R. Change Slip" used by prison officials to notify inmates of their MR date contains a statement that the MR date is only a projected date and is determined by the amount of good time and extra good time earned or lost. Notwithstanding that explanation, this court is of the opinion that the term "mandatory release date" can be misleading. We strongly suggest that the department change that terminology to either a "projected release date," "earliest possible release date," or some other phrase which is more accurately descriptive. In addition, inmates should receive a detailed explanation of how the projected early release date is calculated and the conditions underlying it.

This court ordered a response to the petition by an order dated October 1, 1979. A response has been filed, which includes an affidavit by the prison records clerk regarding the calculation of the petitioner's MR date, and the petitioner has filed a traverse to the response.

The petitioner contends that he could not lose the eighteen days without a due process hearing. He points out that the loss of the eighteen days was not a part of the punishment imposed at the due process hearing in July of this year regarding his major conduct report.

The petitioner did not lose anything that he had earned. A limited due process hearing is only required when *earned* good time is revoked. *Steele v. Gray,* 64 Wis.2d 422, 431a–432, 219 N.W.2d 312, 223 N.W.2d 614 (1974); *Wolff v. McDonnell,* 418 U.S. 539 (1974). Here the petitioner did not lose *earned* good time. The projected MR date of October 19, 1979 included industrial good time which the petitioner had not yet earned. A projected MR date is a hypothetical date on which the inmate must be released *if* he earns all the statutory and industrial good time under secs. 53.11 and 53.12, Stats., that it is possible for him to earn. *State ex rel. Hauser v. Carballo,* 82 Wis.2d 51, 56–57, 261 N.W.2d 133 (1978). Because he was not working or involved in a course of study after July 3, 1979, he failed to earn industrial good time after that time, although he did continue to earn statutory good time. Because there is no requirement for a due process hearing, the petition lacks merit and must be denied. In any event, the matter is probably moot because the petitioner was to be released November 6, 1979. *State ex rel. Clarke v. Carballo,* 83 Wis.2d 349, 357–58, 265 N.W.2d 285 (1978).

Because of this court's disposition of the matter, the court will not consider the respondent's position that this court lacked jurisdiction because the petition was not properly served.

*By the Court.*—Writ denied.